FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97 JUN -2 PM 1: 27

U.S. DISTRICT COURT
N.D. OF ALABAMA

PATRICIA HUBBLE, )
    Plaintiff(s); )
)
-vs.- )    No. CV-95-P-2471-S
)
FIRST ALABAMA BANK, N.A., )
    Defendant(s). )

**ENTERED**

OPINION      JUN 0 3 1997

Defendant First Alabama Bank, N.A. ("First Alabama") filed a Motion for Summary Judgment[1] and a Motion for Partial Summary Judgment. For the following reasons, First Alabama's Motion for Summary Judgment and Motion for Partial Summary Judgment are due to be granted.

### Facts[2]

The plaintiff, Patricia Hubble, was hired by First Alabama in June, 1981 to work in the mail room. Hubble was later transferred to the print shop. Her supervisor was Tony Troncalli. Charles Keith was a co-worker. Hubble testifies that, beginning in the early 1990's, there was vulgar and dirty talk and repeated sexual conversations at work.[3] Troncalli was sometimes present and sometimes participated. Some curse words were directed at Hubble. In July or early August, 1994, Keith told Hubble to "suck my seven" while grabbing himself between his legs.

---

    1. The court notes that this motion is actually for partial summary judgment, as First Alabama did not move for summary judgment on Hubble's claim of retaliation due to poor performance evaluations.

    2. The recitation of "facts" is based upon presented materials viewed in the light most favorable to the plaintiff.

    3. This occurred despite the fact that First Alabama has annually made sure that Troncalli and Keith have received and reviewed First Alabama's Code of Conduct, which informed them that they were not to sexually harass others or engage in offensive conduct.

40

In October, 1994, Keith told Hubble to "suck my dick." Both comments were made in anger.

Hubble tried to avoid sexual conversations and dirty talk at work. She left the room and changed her lunch hour to avoid them. Hubble complained to Troncalli, to Foster Matthews, Troncalli's boss, and to another supervisor, Steve Hartline, about the sexual conversations. Troncalli told Hubble that "boys will be boys," and did not instruct anyone to stop having sexual discussions at work. Hubble told Troncalli of the "suck my seven" comment when he called in from vacation. Later, Troncalli told Keith that he should not have made the comment, but did not discipline Keith.

On November 2, 1994, Hubble complained to Wanda Lambert in First Alabama's personnel department about Keith's comments, among other things. On November 9, 1994 Lambert came to the print shop to interview Hubble. Hubble declined to file a formal complaint regarding sexual harassment. Lambert did not interview Keith. Also on November 9, 1994, Lambert met with Troncalli, Hartline, and Matthews to discuss defendant's sexual harassment policy and showed them an instructional video. On November 18, 1994, Hubble filed her EEOC charge. In March, 1995, First Alabama investigated Hubble's complaints. Keith was given a written warning and suspension without pay for a month. Troncalli was given a "memorandum of understanding" which notified him to immediately take steps to address any complaints of sexual harassment that came to his attention in the future. In May or June, 1995, Lambert conducted a sexual harassment seminar with the whole department. Since that time the sexual talk has ceased, although there has been cussing.

On September 26, 1995, Hubble filed a complaint alleging sexual harassment and

2

retaliation[4] in violation of Title VII, negligent and wanton retention, outrage, invasion of privacy, and negligent and wanton hiring,[5] training, and supervision. On October 4, 1996, First Alabama filed a Partial Motion for Summary Judgment addressing all of Hubble's claims except for retaliation.

In mid 1996, during a routine evaluation of the cost effectiveness of operating the print shop, Matthews concluded that the print shop could not be operated cost effectively and that closing the print shop was a good business decision. First Alabama's Executive Financial Officer and Vice Chairman agreed that the print shop should be closed. On November 20, 1996, Matthews notified Troncalli, Hubble, and Gary Mansbach (the print shop employees) that the print shop would be closed effective December 31, 1996. Troncalli was transferred to a new job purchasing printing from outside vendors. He had been performing the duties associated with this new job since approximately the summer of 1996. Personnel was instructed to help Hubble and Mansbach to find another job at the bank. Mansbach located a job as staff assistant in the auditing department. Hubble bid upon a number of posted jobs and interviewed for some warehouse jobs that were not posted, but did not secure a position because she was not qualified, she did not want to take a pay cut, or she did not want to take any job that required her to work at night. She did not bid for the position received by Mansbach.

On January 3, 1997, Hubble amended her complaint to add a claim that her December 31, 1996 termination was retaliatory. On April 11, 1997, First Alabama filed a Motion for Partial

---

4. This retaliation claim is based on lower performance evaluations Hubble received after she complained of sexual harassment. First Alabama concedes that it is not due to be granted summary judgment on this claim.

5. In her brief, Hubble conceded that the negligent hiring claim was due to be dismissed.

3

Summary Judgment addressing the retaliation claim.

## Analysis

I.   Title VII

  A.   Sexual Harassment

To establish a prima facie case of a sexually hostile environment, a plaintiff must show that the "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (internal citations and quotations omitted). Hubble has not introduced sufficient evidence for a trier of fact to conclude that any alleged harassment was so severe and pervasive as to alter the terms and conditions of her employment. Therefore, First Alabama is due to granted summary judgment of Hubble's claims of sexual harassment.

  B.   Retaliation

To state a prima facie case of retaliation under Title VII, the plaintiff must demonstrate that she engaged in protected activity, she suffered an adverse employment action, and that there was a causal connection between the two. *Meeks v. Computer Associates Intern*, 15 F.3d 1013, 1021 (11th Cir. 1994). Hubble engaged in protected activity and was subsequently terminated from her job when the print shop was closed. However, because Hubble has presented insufficient evidence that there was a causal connection between her complaints and her termination or her failure to secure an alternate job with First Alabama, First Alabama is due to be granted summary judgment on Hubble's retaliation claim.

II.     Outrage and Invasion of Privacy

In order to hold First Alabama liable for the actions of Troncalli and Keith, Hubble must first demonstrate that their acts constituted the torts of outrage and invasion of privacy. To state a claim for invasion of privacy, a plaintiff must demonstrate "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities." *Phillips v. Smalley Maintenance Services, Inc.*, 435 So. 2d 705, 708-09 (Ala. 1983). Hubble has not introduced sufficient evidence that Troncalli and Keith intruded into her private activities in such a way as to cause outrage and humiliation. Therefore, First Alabama is due to be granted summary judgment on Hubble's claim of invasion of privacy.

To state a claim for outrage, a plaintiff must show that the defendant's conduct was intentional or reckless, that it was extreme and outrageous, and that it caused emotional distress so severe that no reasonable person could be expected to endure it. *Jones v. Crawford & Co.*, 1997 WL 112719, *3 (Ala. 1997). Hubble has not introduced sufficient evidence to demonstrate either that Troncalli and Keith's conduct was sufficiently extreme and outrageous to support the tort of outrage. Therefore, First Alabama is due to be granted summary judgment on Hubble's claim of outrage.[6]

III.    Negligent and Wanton Retention, Training, and Supervision

To prevail on a negligence claim, a plaintiff must establish that the defendant owed her a duty of care, that the defendant breached that duty, that she suffered a loss or injury, and that the defendant's negligence was the actual or proximate cause of her loss or injury. *Lollar v. Poe*, 622

---

6. The court notes that First Alabama would also be due to granted summary judgment on the alternate grounds that it did not ratify or adopt Troncalli or Keith's conduct.

5

So. 2d 902, 905 (Ala. 1993). In addition, the plaintiff must demonstrate that the employee's alleged wrongful actions were foreseeable by the employer. *Mardis v. Robbins Tire and Rubber Company*, 669 So. 2d 885, 889 (Ala. 1995). To prevail on a wantonness claim, a plaintiff must show that the defendant engaged in conduct carried on with a reckless or conscious disregard of the rights of others. ALA. CODE § 6-11-20(b)(3).

As to her negligent training and supervision claims, Hubble has not demonstrated that First Alabama breached a duty to her, that any damage suffered was a proximate cause of that breach, or that the alleged wrongful actions were foreseeable. Therefore, First Alabama is due to be granted summary judgment as to Hubble's negligent training and supervision claims. First Alabama is due to be granted summary judgment as to Hubble's claims of wanton training and supervision because she has introduced no evidence that First Alabama acted with a reckless or conscious disregard of her rights.

As to her negligent and wanton retention claim, Hubble argues that First Alabama breached a duty to Hubble to terminate Keith after Hubble reported a second incident of sexual harassment and to terminate or transfer Troncalli after Hubble complained that he had failed to supervise subordinates to prevent sexual harassment of Hubble. Because Hubble has not presented any evidence that First Alabama owed her a duty to remove Troncalli and Keith from her presence, First Alabama is due to be granted summary Judgment on Hubble's claim of negligent and wanton retention.

Dated: June 2, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. David J. Arendall
    Mr. Peyton Lacy, Jr.
    Mr. David L. Warren, Jr.
    Mr. Thomas F. Campbell
    Ms. Amanda O. Lawson